# BEFORE THE UNITED STATES
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re Diisocyanates Antitrust Litigation | MDL No. 2862 |

**PLAINTIFF ERA POLYMERS PROPRIETARY LTD'S INTERESTED PARTY RESPONSE TO MOTION FOR TRANSFER OF RELATED ACTIONS TO THE WESTERN DISTRICT OF PENNSYLVANIA FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiff Era Polymers Proprietary Ltd. ("Era Polymers") respectfully submits this response to Plaintiff Utah Foam Products Inc.'s ("Utah Foam Products") Motion for transfer and consolidation. Era Polymers believes the relevant factors favor centralization of this matter in the Eastern District of Michigan before the Honorable Victoria Roberts, or, in the alternative, in the District of Kansas before the Honorable John W. Lungstrum.

## BACKGROUND

Era Polymers alleges that Defendants, manufacturers of Isocyanates,[1] colluded to manipulate the price of Isocyanates in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 3. To date, six cases[2] (the "Related Actions") have been filed challenging the same underlying conduct against predominantly the same defendants.[3] Era Polymers agrees that the 28 U.S.C. § 1407 criteria for centralization of these cases are readily satisfied here. The remaining question involves the appropriate district for centralization. To date, six Related Actions have been filed:

---

[1] Isocyanates—MDI and TDI—are key basic chemicals used to manufacture various kinds of common polyurethanes used in a number of end-use applications, including mattresses, furniture, and insulation for buildings and refrigerators.

[2] *See* Attached Schedule of Actions.

[3] The plaintiffs in certain other cases have also named as defendants certain Lanxness and Mitsui Chemicals entities. *See* Schedule of Actions. However, the majority of Defendants in the Related Actions filed to date are the same.

two in the Eastern District of Michigan, and one each in the Eastern District of Pennsylvania, the Western District of Pennsylvania, the District of New Jersey, and the Southern District of New York.[4]

Consideration of the relevant factors favors centralization of these actions in the Eastern District of Michigan because: (1) Defendant Dow is headquartered there and its documents and witnesses will likely be located in the district; (2) it is home to a major international airport and accessible to parties and counsel that are spread across the country; (3) docket conditions favor centralization before Judge Roberts; and (4) the plurality of filed cases are pending in the district. In the alternative, these cases should be transferred to the Honorable John W. Lungstrum in the District of Kansas, given his experience handling the related *In re Urethane Antitrust Litigation*.

## ARGUMENT

### I.     Centralization of these Cases in the Eastern District of Michigan is Warranted.

Centralization will promote the convenience of the parties and witnesses and the just and efficient conduct of the litigation. Creating a diisocyanates antitrust MDL will eliminate the possibility of inconsistent rulings, including regarding class certification, and will promote judicial economy by providing a single forum to which future tag-along actions can be transferred. Centralization of these actions in the Eastern District of Michigan is appropriate for four reasons.

---

[4] Utah Foam Products moved for centralization of the Related Actions in the Western District of Pennsylvania. ECF No. 1. Plaintiff Emma Chemicals Co., Inc. ("Emma Chemicals") filed a response supporting centralization in the Eastern District of Pennsylvania. ECF No. 4. Plaintiff C.U.E. filed a response supporting centralization in the District of New Jersey. ECF No. 38. Plaintiff Isaac Industries filed a response supporting centralization in the Eastern District of Michigan. ECF No. 39. On July 30, 2018, Plaintiffs' counsel in then-filed cases had a teleconference in an attempt to seek agreement on a venue for the Related Actions but were unable to reach agreement.

*First*, Defendants DowDuPont Inc. and its subsidiary The Dow Chemical Company (collectively, "Dow") have their principal place of business in Midland, Michigan, and Dow's documents and witnesses will therefore be located in the district. The Judicial Panel on Multidistrict Litigation ("Panel") often considers the location of defendants, and of "key witnesses and documents" in determining an appropriate transfer district. *See In re FCA US LLC Monostable Elec. Gearshift Litig.*, 214 F. Supp. 3d 1354, 1356 (J.P.M.L. 2016) (transferring cases to district where defendant had headquarters where "key witnesses and documents" were located); *In re Gen. Motors Onstar Contract*, 502 F. Supp. 2d 1357, 1358 (J.P.M.L. 2007) (citing as reason for transfer to the Eastern District of Michigan that "relevant documents and witnesses are likely located in or near defendants' facilities in Michigan"); *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 398 F. Supp. 2d 1365, 1367 (J.P.M.L. 2005) (same).

*Second*, the Eastern District of Michigan is conveniently located in the center of the country, and is served by a major international airport and many hotels.[5] In cases where, as here, parties, witnesses, and counsel are spread across the country, the accessibility of a district favors transfer to that district. *See In re Gen. Motors Corp. Air Conditioning Mktg. & Sales Practices Litig.*, 289 F. Supp. 3d 1340, 1341 (J.P.M.L. 2018) (transferring cases to Eastern District of Michigan, and noting, "this district offers a readily accessible and convenient transferee forum").

*Third*, the first-filed case in the Eastern District of Michigan has been assigned to an experienced and well-respected Judge, the Honorable Victoria Roberts. Judge Roberts has

---

[5] *See* Detroit Metro Airport, *About Us*, available at https://www.metroairport.com/about-us (last visited July 31, 2018) ("Detroit Metropolitan Airport (DTW) is one of the world's leading air transportation hubs with more than 1,100 flights per day to and from four continents.").

3

previous experience with antitrust litigation, which will promote the efficient and effective management of the instant case.[6]

Moreover, docket conditions favor transfer of the Related Actions to Judge Roberts. Judge Roberts does not presently have a multidistrict litigation case, allowing her to devote the necessary time to this antitrust litigation. *See In re: Refrigerant Compressors Antitrust Litig.*, 626 F. Supp. 2d 1320, 1321 (J.P.M.L. 2009) (considering Judge's caseload as part of MDL transfer determination). The Eastern District of Michigan also has fewer judicial vacancies than the Eastern District of Pennsylvania, the Western District of Pennsylvania, the District of New Jersey, and the Southern District of New York, making it a more appropriate venue for the Related Actions.[7] Further, the Eastern District of Michigan has only three pending MDLs at this time, far fewer than the Eastern District of Pennsylvania (13), the District of New Jersey (14), or the Southern District of New York (22).[8]

*Finally*, two of the five pending actions have been filed in the Eastern District of Michigan. The Panel has often chosen to transfer related actions to the district in which the largest number of complaints were filed. *See In re Commodity Exch., Inc., Silver Futures & Options Trading Litig.*,

---

[6] *See, e.g.*, *MSC Software Corp. v. Altair Eng'g, Inc.*, Civ. No. 07-12807; *Trustees of Painters Union Deposit Fund v. Interior/Exterior Specialists Co.*, Civ. No. 05-70110.

[7] As of August 1, 2018, the Eastern District of Michigan had only one judicial vacancy, while the Eastern District of Pennsylvania, Southern District of New York, and District of New Jersey had four each, and the Western District of Pennsylvania had six. *Current Judicial Vacancies*, United States Courts, http://www.uscourts.gov/judges-judgeships/judicial-vacancies/current-judicial-vacancies (last visited August 1, 2018). Indeed, certain vacancies in the District of New Jersey and the Southern District of New York have been deemed "judicial emergencies." *Judicial Emergencies*, United States Courts. http://www.uscourts.gov/judges-judgeships/judicial-vacancies/judicial-emergencies (last visited August 1, 2018).

[8] *See MDL Statistics Report – Distribution of Pending MDL Dockets by District*, United States Panel on Multidistrict Litigation, http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-July-16-2018.pdf (last visited August 1, 2018).

775 F. Supp. 2d 1382, 1383 (J.P.M.L. 2011) (transferring case to jurisdiction where domestic defendants are located and a "majority of the constituent and potential tag-along actions are pending . . ."); *In re Refrigerant Compressors Antitrust Litig.*, 626 F. Supp. 2d at 1321 (transferring cases to forum where most of the cases were pending, and citing this factor as one of the bases for transfer).

Accordingly, the relevant factors favor centralization of this matter in the Eastern District of Michigan before Judge Roberts.

**II.     The District of Kansas is an Appropriate Alternative Forum.**

Should the Panel wish to transfer the Related Actions to a different district, Era Polymers believes that centralization before the Honorable John W. Lungstrum in the District of Kansas is appropriate. Judge Lungstrum presided over *In re Urethanes Antitrust Litigation*, which involved the same conduct alleged in the Related Actions by some of the same Defendants, with respect to some of the same products. *See generally In re Urethane Antitrust Litig.*, 768 F.3d 1245 (10th Cir. 2014), *cert. dismissed*, 137 S. Ct. 291 (Sept. 30, 2016); *In re Urethane Antitrust Litig.*, No. 04-1616-JWL, 2013 WL 2097346 (D. Kan. May 15, 2013). Judge Lungstrum therefore already has a great deal of expertise with the parties, products, and markets involved in the instant cases, making him particularly well suited to handle these cases efficiently. *See In re German Auto. Manufacturers Antitrust Litig.*, 278 F. Supp. 3d 1373, 1375 (J.P.M.L. 2017) (reasoning that transfer to a certain district was a "logical choice" where the cases shared some factual overlap and defendants with another MDL in the district).

\*\*\*

For the foregoing reasons, Era Polymers respectfully requests that the Panel centralize the actions, plus any future tag-along actions, in the Eastern District of Michigan for coordinated or

consolidated pretrial proceedings before Judge Roberts, or in the alternative, before Judge Lungstrum in the District of Kansas.

Dated: August 1, 2018  Respectfully submitted,

*/s/ Jessica B. Weiner*

| | |
|---|---|
| Patrick E. Cafferty | Richard A. Koffman |
| CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP | Jessica B. Weiner |
| | COHEN MILSTEIN SELLERS & TOLL, PLLC |
| 220 Collingwood Drive, Suite 130 | 1100 New York Avenue, NW, Suite 500 |
| Ann Arbor, MI 48103 | Washington, DC 20005 |
| Tel: (734) 769-2144 | Tel: (202) 408-4600 |
| pcafferty@caffertyclobes.com | rkoffman@cohenmilstein.com |
| | jweiner@cohenmilstein.com |
| Ellen Meriwether | |
| CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP | Christopher J. Cormier |
| | COHEN MILSTEIN SELLERS & TOLL, PLLC |
| 1101 Market Street, Suite 2650 | 5290 Denver Tech Center Parkway |
| Philadelphia, PA 19107 | Greenwood Village, CO 80111 |
| Tel: 215.864.2800 | Tel: (720) 630-2092 |
| emeriwether@caffertyclobes.com | ccormier@cohenmilstein.com |
| Matthew Weiler | Sharon K. Robertson |
| BLEICHMAR FONTI & AULD LLP | COHEN MILSTEIN SELLERS & TOLL, PLLC |
| 555 12th Street, Suite 1600 | 88 Pine Street, 14th Floor |
| Oakland, CA 94607 | New York, NY 10005 |
| Tel: (415) 445-4003 | Tel: (212) 838-7797 |
| mweiler@bfalaw.com | srobertson@cohenmilstein.com |
| Warren T. Burns | Jeffrey B. Gittleman |
| Will Thompson | Chad Carder |
| BURNS CHAREST LLP | BARRACK, RODOS & BACINE |
| 900 Jackson Street, Suite 500 | 3300 Two Commerce Square |
| Dallas, TX 75201 | 2001 Market Street |
| Tel: (469) 904-4550 | Philadelphia, PA 19103 |
| wburns@burnscharest.com | Tel: (215) 963-0600 |
| wthompson@burnscharest.com | jgittleman@barrack.com |
| | ccarder@barrack.com |
| Korey Nelson | |
| BURNS CHAREST LLP | Michael J. Boni |
| 365 Canal Street, Suite 1170 | Joshua D. Snyder |
| New Orleans, LA 70130 | BONI, ZACK & SNYDER LLC |
| Tel: (504) 799-2845 | 15 St. Asaphs Road |
| knelson@burnscharest.com | Bala Cynwyd, PA 19004 |

6

Tel: (610) 822-0200
mboni@bonizack.com
jsnyder@bonizack.com


*Counsel for Plaintiff Era Polymers Proprietary Limited*